UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

QUANDELL HICKMAN,

               Plaintiff,

        -against-

NEW YORK COUNTY DEFENDER SERVICES, et al.,

               Defendants.

24-CV-1755 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Plaintiff, who currently is incarcerated at the Eric M. Taylor Center (EMTC), brings this action, *pro se*. He asserts claims under 42 U.S.C. § 1983, primarily against defense counsel representing Plaintiff in his criminal proceedings. By order dated March 12, 2024, the Court granted Plaintiff's request to proceed *in forma pauperis*, that is, without prepayment of fees.[1]

## STANDARD OF REVIEW

      The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's *in forma pauperis* complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint if the court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(b)(1).

**BACKGROUND**

Plaintiff alleges the following facts. He is currently "illegally detained" at EMTC. (ECF 1 at 3.) He contends that the New York County Defender Services, which represents him in his criminal proceedings, is "throwing cases," "deliberately withholding evidence," and "trying to get to you to admi[t] or agree with lies." (*Id.* at 4.) He contends that they "have you sign your life away . . . so they can railroad you." (*Id.*)

Plaintiff alleges that attorneys Alex Gardner and Eric Burse "alongside the entire firm and supervisors forced [him] to admit and accept jurors." (*Id.*) In addition, he asserts that they threw him "under the bus," "put in multiple frivolous motions," and required to appear before a Grand Jury on "a case [he] was never I.D. on."[2] (*Id.*) He contends that they "are paying off jurors." (*Id.*)

Plaintiff sues the New York County Defender Services (NYCDS), NYCDS defense attorneys (Eric Burse, Alex Garber, Sidney Lester), NYCDS paralegals (Kiara Rodrigues, Carlen Rodrigues, Emily Cataldo), and NYCDS Social Worker Carley Shapiro.[3] In addition to seeking "a billion dollars in compensation," Plaintiff asks the Court to have "everyone involved arrested and prosecuted," the "entire firm disbarred and shut down," and no one associated with the firm (including "paralegals and interns") "be allowed to ever practice law again." (*Id.* at 5.)

---

[2] Unless otherwise noted, all spelling and punctuation in quoted material is from the original.

[3] Notwithstanding its name, the New York County Defender Services is not a government agency. The Court takes judicial notice of the fact that the New York County Defender Services is a private, not-for-profit agency. *See Nunez v. N.Y.C. Dept. of Corr.*, No. 11-CV-5845 (LTS) (S.D.N.Y. Dec. 11, 2023) (Amicus Brief, ECF 643 at 5) (The "New York County Defender Services [is a] not-for-profit public defender office[s] that provide[s] multidisciplinary legal services along with social work and advocacy support to low-income New Yorkers.").

## DISCUSSION

A.    **Section 1983 claims against private parties**

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law, or a "state actor." *West v. Atkins*, 487 U.S. 42, 48-49 (1988). Because a claim for relief under Section 1983 must allege facts showing that each defendant acted under the color of a state "statute, ordinance, regulation, custom or usage," 42 U.S.C. § 1983, private parties are generally not liable under the statute. *Sykes v. Bank of America*, 723 F.3d 399, 406 (2d Cir. 2013) (citing *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001)); *see also Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002) ("[T]he United States Constitution regulates only the Government, not private parties.").

Absent special circumstances, not present here, suggesting concerted action between an attorney and a state representative, *see Nicholas v. Goord*, 430 F.3d 652, 656 n.7 (2d Cir. 2005) (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 152 (1970)), the representation of a defendant by counsel in state criminal proceedings does not constitute the degree of state involvement or interference necessary to establish a claim under Section 1983, regardless of whether that attorney is privately retained, court-appointed, or employed as a public defender. *See Bourdon v. Loughren*, 386 F.3d 88, 90 (2d Cir. 2004) (citing *Polk Cnty. v. Dodson*, 454 U.S. 312, 324-25 (1981)); *see also Schnabel v. Abramson*, 232 F.3d 83, 87 (2d Cir. 2000) (holding that legal aid organization ordinarily is not a state actor for purposes of § 1983). Because NYCDS and all of its employees are private parties who are not alleged to work for any state or other government body, Plaintiff has not stated a claim against these defendants under Section 1983. The Court

3

therefore dismisses Plaintiff's Section 1983 claims for failure to state a claim on which relief can be granted.

**B.      Claims against the City of New York**

Plaintiff names the City of New York as a defendant in the caption of the complaint. When a plaintiff sues a municipality such as the City of New York under Section 1983, the plaintiff must allege that the municipality itself caused the violation of the plaintiff's rights. *See Connick v. Thompson,* 563 U.S. 51, 60 (2011) ("A municipality or other local government may be liable under . . . section [1983] if the governmental body itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be subjected' to such deprivation.") (quoting *Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 692 (1978)); *Cash v. Cnty. of Erie,* 654 F.3d 324, 333 (2d Cir. 2011). In other words, to state a Section 1983 claim against a municipality, the plaintiff must allege facts showing (1) the existence of a municipal policy, custom, or practice, and (2) that the policy, custom, or practice caused the violation of the plaintiff's constitutional rights. *See Jones v. Town of East Haven*, 691 F.3d 72, 80 (2d Cir. 2012); *Bd. of Cnty. Comm'rs v. Brown,* 520 U.S. 397, 403 (1997) (internal citations omitted).

Although Plaintiff lists the City of New York as a defendant in the caption of the complaint, he does not mention the City of New York in the body of the complaint or plead any facts suggesting that any policy, custom, or practice of the City of New York caused a violation of his rights. The Court therefore dismisses Plaintiff's Section 1983 claims against the City of New York for failure to state a claim on which relief can be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

**C.      Private Prosecution**

Plaintiff seeks to have all defendants arrested and prosecuted on criminal charges. Plaintiff cannot initiate the arrest and prosecution of an individual because "the decision to

prosecute is solely within the discretion of the prosecutor." *Leeke v. Timmerman*, 454 U.S. 83, 87 (1981). Nor can the Court direct prosecuting attorneys to initiate a criminal proceeding against defendants, because prosecutors possess discretionary authority to bring criminal actions, and they are "immune from control or interference by citizen or court." *Conn. Action Now, Inc. v. Roberts Plating Co.*, 457 F.2d 81, 87 (2d Cir. 1972). Accordingly, the Court dismisses Plaintiff's allegations, which seek to have all defendants arrested and prosecuted, for failure to state a claim on which relief may be granted. *See* 28 U.S.C § 1915(e)(2)(B)(ii).

**D.     State law claims**

A district court may decline to exercise supplemental jurisdiction of state-law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)). Having dismissed the federal claims of which the Court has original jurisdiction, the Court declines to exercise its supplemental jurisdiction of any state-law claims Plaintiff may be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'") (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997)).

**E.     Leave to amend**

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint, which seeks to assert claims against his defense

counsel, cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend his complaint.[4]

## CONCLUSION

Plaintiff's complaint, filed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The Court declines, under 28 U.S.C. § 1367(c)(3), to exercise supplemental jurisdiction of any state law claims.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to enter judgment.

SO ORDERED.

Dated:   April 15, 2024
         New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge

---

[4] Insofar as Plaintiff has concerns about his defense attorney's handling of his state court criminal proceedings, such concerns can be raised in the criminal proceedings. A civil rights action for damages during the pendency of his criminal proceedings is not the appropriate vehicle for such claims.